## Daniel, &c. vs. Robinson.

APPEAL FROM MONTGOMERY CIRCUIT.

Since the Revised Statutes took effect a married woman, having separate estate, cannot sell or encumber it, though created before the adoption of the Revised Statutes, except by an order of a court of equity, and in that case *only for the purpose of exchange or reinvestment for the same use.* (*Revised Statutes, title Husband and Wife, section* 17, *page* 395.)

Case 40.

PET. EQ.

DANIEL, &c.
  vs.
ROBINSON.

[The facts of the case are stated in the opinion of the court.—REP ]

*Hazlerigg & Peters* for appellants—

This is a suit brought, in ordinary, on a note executed by C. W. Daniel and wife to plaintiffs' assignor. Mrs. Daniel relied upon coverture as her defense. Daniel did not defend, consequently a judgment was rendered against him, and the cause transferred to the equity docket, with the view to subject to the payment of the debt certain estate held in trust for the benefit of the wife and her son Jesse.

Can it be done under the pleadings and state of facts as exhibited in this record? We assume it cannot, for the reasons following:

1. The debt sued for is not the debt of the wife.

2. It is not alleged that she had anything to do with the contracting the debt, or that it was done with her approbation and consent; nor is it alleged that she advised or consented to the building of the house on the trust land.

3. It is not alleged or shown that the improvments alleged to have been made were *necessary and proper.*

4. The wife had no such interest in the estate as could be made subject to the debt.

5. If the decree as rendered by the court below be permitted to stand, the entire purpose of the trust, as expressed on the face of the deed, may and will be defeated.

The judge of the circuit court, in the decree rendered, recites the authority upon which he bases the decree, none of which justify, in our opinion, the conclusion at which he arrives, but establish just the opposite conclusion, under the state of facts shown in this record.

Coverture is a complete defense at law, subject however to certain exceptions, not applicable to this case. Shall the chancellor bring this case within any of the exceptions recognized by former adjudged ca-

ses; we insist not, because of the absence of allegation or proof that it was the *debt of the wife, or that it was contracted for necessaries*, or that the improvements enhanced the value of the estate. But above all, it is apparent, from the deed, that the donor's prime object was to secure a comfortable support to his daughter, and the support and education of her children.

Jesse Daniel, Jr., under the deed, has the right to be supported and educated out of the profits of the estate. How can this be done if the chancellor has the right to appropriate the whole profits of the estate to the payment of debts contracted by a prodigal father? If the estate can be used in the way proposed, to pay this debt, it may be so used for the next, and the next, and so on *ad infinitum*, and the support and education of the grand-son wholly prevented. This was surely never intended to be so by the grand-father.

We invite the attention of the court to the deed of trust, and ask a reversal.

*T. Turner* for appellee—

Argued: The note upon which this action is originally based was executed by Mrs. Daniel and her husband, in consideration of work and building done upon land held in trust for her and her children.

It is contended that the note was an agreement to bind her separate estate, and created a charge thereon. (*Wilkinson vs. Jarman*, 7 *B. Monroe*, 293; *Sweeney vs. Smith*, 15 *Ib.* 326; *Bell & Terry vs. Keller*, 13 *Ib.* 384; *Burch vs. Breckinridge*, 16 *Ib.* 482; *Hill on Trustees*, 617; *Roper on Husband and Wife*, *volume* 2, *pages* 248–750.)

It is objected, that the note was executed without the assent of her trustee, and does not therefore bind the separate estate of the wife. "The established ' doctrine is, that a married woman can bind her sep- ' arate property without the assent of her trustee, un- ' less such assent is made necessary by the instrument

DANIEL, &c.
vs.
ROBINSON.

' giving her that property." (*Essex vs. Atkins*, 14 *Vesey*, 542, quoted in *Roper on Husband and Wife, Lib. ed. vol.* 11, *side page*, 252.) In the deed creating the trust, in this instance, there is no clause requiring the assent of the trustee.

The judgment of the circuit judge only subjected rents and hire, that is, the profits of the estate here sought to be wholly subjected, of which appellee complains by cross-error, and insists that the wife's whole interest should have been so subjected.

Trusts are of two kinds, *passive* and *active*. In the first the trustee is only the repository of the legal title; in the latter there is active duty coupled with the trust. The trust by which the separate estate of the wife is held in this instance is *passive*, and the beneficial interest in the lands and slaves is in Mrs. Daniel for life, and is therefore subject to her liabilities to that extent.

The case of *Burch vs. Breckinridge, supra*, is relied upon as sustaining the decree in regard to subjecting hire and rents only. It does not sustain it as we contend. In that case the court base their opinion upon the absence of any *writing* intending to charge the wife's separate estate, and indulge the presumption that she only intended to charge the profits thereof: In this case there is a note given for houses built and work done, and not for *current expenses*, as in the case *supra*. In this case it is charged, and not denied, that the wife intended to charge her separate estate when she executed the note. In every case where the profits of the separate estate of the *feme* only was subjected, it will be found that the trust was an *active*, not a *passive*, trust.

Great injustice might result to the appellee in being thus compelled to await the accrual of hire and rents, in this, that the wife's estate and interest might terminate by her death.

An affirmance is respectfully asked upon the original appeal, and a reversal upon the cross-appeal of appellee.

DANIEL, &c.
vs.
ROBINSON.
_____
Oct. 2, 1857.

On the 25th day of December, 1854, Charles W. Daniel and Matilda A. Daniel, his wife, executed to Aaron Abbot their due bill of that date, for $700. On the 8th day of January, 1855, Abbot assigned the due bill to Robinson by written assignment on the instrument. Robinson filed his petition in equity in the circuit court, against Daniel and wife, the infant child of Matilda A. Daniel, and T. F. Hazlerigg, trustee to said Matilda and her infant son, Jesse Daniel, praying for the sale of said Matilda's separate estate in a tract of 300 acres of land, and several slaves described in a deed from Jesse Daniel, the father of said Matilda, in satisfaction of the due bill above referred to.

The trustee and Mrs. Daniel resisted the claim, by denying the right of the court to subject the separate estate of Mrs. Daniel to the payment of the debt sued for. The infant defendant, by guardian *ad litem*, answered the petition; his answer is in the common form. The court below rendered a judgment against Charles W. Daniel for the debt, and then transferred the action to the equity docket, and after an execution was issued against Charles W. Daniel, on which the sheriff returned "no property found," proceeded and rendered a judgment subjecting the separate estate of said Matilda in the tract of land and slaves conveyed by the deed from her father to a trustee for her sole and separate use during her life, &c. The court, by its judgment, first ordered her estate in the slaves to be subjected by hiring the slaves out for one year, and retaining control over the hire in order to secure the interest of the infant. From that judgment Daniel and wife have appealed to this court.

Before the adoption of the Revised Statutes this court held that the separate estate of a married woman might be subjected to her debts upon a case properly made out, by a proceeding in a court of equity.

VOL. XVIII.    20

DANIEL, &c.
vs.
ROBINSON.

Since the Rev. Statutes took effect a married woman, having separate estate, cannot sell or encumber it, tho' created before the adoption of the Rev. Statutes, except by an order of a court of equity, and in that case only for the purpose of exchange or reinvestment for the same use. (Rev. Statutes, title Husband and Wife, section 17, page 395.)

The *forty-seventh chapter of the Revised Statutes, title Husband and Wife, page 395, section 17*, it is believed has changed the law on this subject. That section is as follows; "If real or personal estate be hereafter ' conveyed or devised *for the separate use of a married* ' *woman*, or for that of an unmarried woman, to the ' exclusion of any husband she may thereafter have, ' she shall not alienate such estate with or without ' the consent of any husband she may have; but may ' do so, when it is a gift, by the consent of the donor ' or his personal representative. Such estates, *here-* ' *tofore created, shall not be sold or encumbered* but by or- ' der of a court of equity, and *only for the purpose of* ' *exchange and reinvestment, for the same use as that of the* ' *original conveyance or devise;* and the court shall see ' that the exchange or reinvestment is properly ' made." The deed conveying the separate estate for the use of Mrs. Daniel bears date the 6th day of March, 1847. Since the Revised Statutes went into effect a married woman, having a separate estate, cannot sell or encumber it, (if such estate was created before the first day of July, 1852,) but by an order of a court of equity, and *only then for the purpose of exchange or reinvestment.* It would be a violation of the section referred to if a married woman could, by the creation of debts, encumber or have her separate estate sold. To have such estate sold to pay her debts, by the judgment of a court, would enable her to do, by indirection, that which the statute expressly forbids. Such estate can only be sold under an order of a court of equity for the purpose of exchange or reinvestment, *for the same use* as that of the original conveyance or devise.

This section fetters the powers of married women to alienate their separate estates acquired before it took effect, and may have the effect of limiting their expenditures to an outlay of the profits as they accrue. Such a restriction may be considered severe in some cases, but from the words of the statute no room is left to doubt that such was the intention of

COMMERCIAL BK
vs.
BENEDICT, &c.

the legislature, and it is our duty to say that such is the law.

It results, from what we have said, that the judgment of the court below is erroneous; wherefore said judgement is reversed, so far as it seeks to subject the separate estate of Matilda A. Daniel to the payment of the debt secured by the note exhibited, and the cause is remanded with directions to dismiss the petition as to her and her infant son, with costs against Robinson.